Barry Donnellan and
Donald Tangwall
PO Box 140118
Salcha, Alaska 99714



RECEIVED

MAR 2 6 2019

Clerk, U.S. District Court
Fairbanks, AK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF ALASKA

Barry Donnellan and Donald Tangwall, Joint Assignees
Of a Chose In Action from Donna Uphues, Assignor

                    Plaintiffs,                    Case No. 4:19-cv-00008-TMB

v.

Denali Bancorporation, Inc.
d/b/a Denali State Bank, Member of the
Federal Deposit Insurance Corporation

        Defendants.

COMPLAINT

NOW COME the Plaintiffs and show their complaint as follows:

I
JURISDICTION AND VENUE

1. Jurisdiction lies with this Court in that the defendant is a member of the
   Federal Deposit Insurance Corporation.

2. Venue is proper in this Court as all transactions occurred in Fairbanks,
   Alaska.

## II
## PARTIES

3. Donna Uphues, assignor, (herein Uphues) is a depositor in the Denali State Bank.

4. Plaintiff Barry Donnellan (herein Donnellan) is an individual and a resident of Alaska.

5. Plaintiff Donald Tangwall (herein Tangwall) is an individual and a resident of Alaska.

6. Defendant Denali Bancorporation, Inc. doing business as Denali State Bank (herein Denali) is an Alaskan business corporation whose address is 119 N. Cushman Street, Fairbanks, Alaska 99701. The Alaska entity number is 47216D.

## III
## BACKGROUND

7. Denali was at all times a member of the Federal Deposit Insurance Corporation (herein FDIC).

8. On July 27, 2012, Uphues borrowed $175,000.00 from Denali. The note was secured by a Deed of Trust of even date in which Denali was the beneficiary and was recorded at Docket No. 2012-014473-0. See attached Exhibit A.

9. On or about August 15, 2012, the note and Deed of Trust was sold to Fannie Mae. Denali became the servicer of the Deed of Trust in addition to being the sole beneficiary of the Deed of Trust. See attached Exhibit B.

Case 4:19-cv-00008-TMB   Document 1   Filed 03/26/19   Page 2 of 7

10. On March 29, 2017, Donna Uphues recorded a statutory warranty deed, transferring the property to the Tanglewood Trust, an Alaska Trust, per AS 34.40.110 in which she is the primary beneficiary for estate purposes. See attached Exhibit C.

11. On July 18, 2017, Denali sent a letter to Donna Uphues claiming the transfer invoked the due on sale clause in the Deed of Trust and accelerated the promissory note. See attached Exhibit D.

12. On July 17, 2017, the Tanglewood Trust conveyed the property back to Uphues. See attached Exhibit E.

IV
COUNT I

FAILURE TO HAVE AN ALASKAN BUSINESS LICENSE

13. All previous paragraphs are incorporated by reference herein.

14. Denali failed to have an Alaskan business license. All transactions between Denali and Uphues were conducted at a time when Denali did not have an Alaska business license.

15. At all times from Denali's inception to February 25, 2019, Footnote 1, Denali, without an Alaska business license, operated a banking business where depositors were insured by FDIC.

16. Denali did not have standing to acquire and transfer the note and Deed of Trust from Uphues and then sell it to Fannie Mae. See attached Exhibit B.

17. The note and the Deed of Trust, see attached Exhibit A, are void ab initio for Denali's failure to have a business license.

Footnote 1: The Plaintiffs contend that Denali's license is not in effect. Plaintiffs have a business license with an issuance date prior to Denali's. See attached Exhibit G.

## RELIEF

18. All previous paragraphs are incorporated by reference herein.

19. Judgment of this Court finding the note and Deed of Trust void ab initio.

20. Interest.

21. Cost.

22. Any other relief this Court deems just.

## COUNT II

## IMPROPER INVOKING OF THE DUE ON SALE CLAUSE

23. All previous paragraphs are incorporated by reference herein.

24. At all times the note was paid on time and was not over-due at the time the letter, attached as Exhibit D, was written.

25. Denali invoked the due on sale clause indicating Uphues had transferred the property to the Tanglewood Trust. See attached Exhibit D.

26. Invoking the due on sales clause because of the transfer of the property to the Tanglewood Trust is a breach of the Deed of Trust. The transfer was for estate planning purposes in which the Trustor is the beneficiary of the Tanglewood Trust.

## RELIEF

27. All previous paragraphs are incorporated by reference herein.

28. Judgment by this Court in the amount of $125,000.00.

29. Interest.

30. Cost.

31. Any other relief this Court deems just.

## COUNT III

## DENALI AS BENEFICIARY HAS NO STANDING TO FORECLOSE ON THE DEED OF TRUST

32. All previous paragraphs are incorporated by reference herein.

33. The Trustee of the Deed of Trust, see attached Exhibit A, is Yukon Title Company, Inc. an agent for First American Title Insurance Company. The Trustee is the only party with standing to invoke the due on sale clause of the Deed of Trust.

34. As evidenced by attached Exhibit E, Denali unlawfully interloped on the Trustee's duties and took matters into their own hands.

## RELIEF

35. All previous paragraphs are incorporated by reference herein.

36. Judgment by this Court finding note and Deed of Trust void ab initio.

37. Cost.

38. Interest.

39. Any other relief this Court deems just.

## COUNT IV

## THREAT OF EXTORTION

40. All previous paragraphs are incorporated by reference herein.

41. The Denali letter dated July 18, 2017, see attached Exhibit D, was a threat from Denali to force Uphues to participate in activities to which Denali as beneficiary of the Deed of Trust was not entitled.

42. On page 2 of Exhibit D, Denali threatened to adversely affect Uphues' credit rating if she did not adhere to their demand.

## RELIEF

43. All previous paragraphs are incorporated by reference herein.

44. Judgment by the Court for $600,000.00.

45. Cost.

46. Interest.

47. Any other relief this Court deems just.

## COUNT V

## UPHUES WAS FORCED BY DENALI TO ASK TRUSTEE OF TANGLEWOOD TRUST TO RE-CONVEY THE PROPERTY BACK TO HERSELF WHICH EXPOSED THE PROPERTY TO JUDGMENTS

48. All previous paragraphs are incorporated by reference herein.

49. Tanglewood Trust, over its objection, was compelled to re-convey the property to Uphues.

50. The Trustees of the Tanglewood Trust deeded the property back to Uphues for fear that refusal to do so would adversely affect Uphues' credit as implied by Denali on page two of the July 18, 2017 letter from Jeff Weaver, Collections Specialist. See attached Exhibit D.

51. When the property was re-conveyed to Uphues, judgments against her prevented the sale of the property to a bona fide purchaser in the amount of $250,000.00.

## RELIEF

52. All previous paragraphs are incorporated by reference herein.

53. Judgment of this Court in the amount of $250,000.00 for loss of sale of the property.

54. Interest.

55. Cost.

56. Any other relief this Court deems just.

_____
Barry Donnellan, Assignee

_____
Donald Tangwall, Assignee